**SO ORDERED.**

**SIGNED this 22 day of September, 2008.**

_____
 **A. Thomas Small**
 **United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **DONALD STANLEY RASCENTO** | **08-00785-5-ATS** |
| **DEBTOR** | |

**ORDER DENYING OBJECTION TO CLAIM, ALLOWING RELIEF FROM THE AUTOMATIC STAY, AND DISMISSING CASE**

The matters before the court are the chapter 13 debtor's objection to the claim filed by Wells Fargo Bank, NA, Wells Fargo's motion for relief from the automatic stay, and the trustee's motion to dismiss. A hearing took place in Raleigh, North Carolina on September 16, 2008.

Donald Stanley Rascento and Monica Rascento filed a pro se joint petition for relief under chapter 13 of the Bankruptcy Code on February 6, 2008. Ms. Rascento voluntarily dismissed her case on March 10, 2008. Wells Fargo holds the mortgage on the Rascentos' residence and filed a proof of claim, Claim No. 1, in the amount of $83,638.75, of which $7,016.20 is listed as arrearage. Mr. Rascento filed an objection to Wells Fargo's claim, contending that it could not prove that it was the true owner of the note, and that the note had been paid in full. Wells Fargo opposes the objection and seeks relief from the automatic stay. The trustee filed an amended motion to dismiss on August 27, 2008, contending that Mr. Rascento's plan did not comply with 11 U.S.C. §§ 1322 and 1325. The trustee seeks dismissal with prejudice.

Mr. Rascento's chapter 13 plan proposes to pay $200 per month for 36 months, for a total of $7,200. The plan proposes no payments to Wells Fargo. Two unsecured creditors have filed claims, Capital One Bank, Claim No. 2, in the amount of $14,689.07, and First National Credit Card Center, Claim No. 3 in the amount of $17,589.84. Mr. Rascento has not filed objections to those claims.

Mr. Rascento issued a subpoena to Wells Fargo directing it to produce the original note and deed of trust, showing any modifications, endorsements, extensions, addenda, and all information related to it. Tamara Savery of Wells Fargo appeared at the hearing with the original note and deed of trust. The note bears a blank endorsement stamp, and Ms. Savery could not explain the purpose of the stamp. Mr. Rascento contends that because Ms. Savery was unable to explain the endorsement, Wells Fargo failed to comply with the subpoena. The court has reviewed the subpoena, and it requested production of the original note and its markings, but it did not command the presence of a witness who could explain the meaning of the markings. Instead, the notice of subpoena required Wells Fargo to designate an agent to testify who "has knowledge that Wells Fargo . . . is presently the legal holder in due course of this debt and has and may present the original debt instruments as proof of same." Ms. Savery testified that Wells Fargo is currently the holder of the note, and presented the original debt instruments. Accordingly, Wells Fargo complied with the subpoena, and it established that it is the current holder of the note and deed of trust.

Mr. Racscento also contends that the note to Wells Fargo has been paid in full. He provided copies of United States Post Office records showing that packages from the Rascentos had been delivered to Wells Fargo. However, Mr. Rascento provided no evidence of what was in the package, and he admitted that the alleged payment was not in the form of cash, a check, or certified bank

funds.[1]  Mr. Rascento bears the burden of proving that the debt has been satisfied, and he has not met that burden.  Accordingly, the objection to the claim of Wells Fargo will be denied.

Ms. Savery testified that there have been no payments to Wells Fargo since August 2007, and that the account is $9,790 in arrears.  Mr. Rascento does not propose to cure the delinquency on the note, nor does he propose to make payments going forward.  Wells Fargo is not adequately protected, and cause exists to terminate the automatic stay so that Wells Fargo may pursue its remedies under its deed of trust.

The trustee provided numerous bases to support dismissal of the case, many of which would require dismissal without regard to Mr. Rascento's objection to Wells Fargo's claim, or even if his objection had merit and Wells Fargo's claim were to be disallowed.  At Mr. Rascento's § 341 meeting, he testified that he held funds in a brokerage account that were not disclosed in his schedules.  The account, which is held jointly with Ms. Rascento, had a value of $63,547.12 at the end of the March 31, 2008, statement period.[2]  Assuming Mr. Rascento is entitled to one half of the funds in the account, which he does not deny, Mr. Rascento must contribute $31,773.56 to his chapter 13 plan to satisfy the "liquidation test" of § 1325(a)(4),[3] because the unsecured claims

---

[1] Mr. Rascento stated that the payment was in "certified funds," but that it was not in funds drawn from a bank.

[2] Of the available account information, this statement is the closest in time to the petition date.

[3] Under § 1325(a)(4), the value of property to be distributed under the plan on account of each unsecured claim must be at least the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7.  Because these funds are unencumbered and not exempt, a chapter 7 trustee would have all of these funds available to pay the claims of unsecured creditors.

totaling $32,278.91 would be substantially paid in a chapter 7 case.[4]  Because Mr. Rascento's plan does not comply with § 1325(a)(4), it is not confirmable and the case will be dismissed.

In addition, Mr. Rascento failed to list the brokerage account in his schedules.  After he disclosed the account to the trustee at his § 341 meeting, Mr. Rascento amended his schedules, but he still omitted the account.  The failure to fully disclose assets is grounds to dismiss this case with prejudice.

Based on the foregoing, the debtor's objection to the claim filed by Wells Fargo is **DENIED**.  Wells Fargo's motion for relief from the automatic stay is **ALLOWED**, and Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is modified such that this order shall have immediate effect.  The trustee's motion to dismiss is **ALLOWED**, and because Mr. Rascento willfully failed to appear before the court in proper prosecution of his case, he may not file another bankruptcy petition for 180 days from the date of this order.  11 U.S.C. § 109(g)(1).

**SO ORDERED**.

**END OF DOCUMENT**

---

[4] Mr. Rascento suggested at the hearing that the unsecured claims had also been satisfied in the same manner as Wells Fargo.  However, Mr. Rascento has not objected to the unsecured claims, and he provided no evidence that the claims have been satisfied.  Accordingly, the claims are considered valid for purposes of determining whether the plan may be confirmed.  11 U.S.C. § 502(a).